# Staunton

MATNEY AND OTHERS v. BARNES AND OTHERS.

September 7, 1914.

1. SPECIFIC PERFORMANCE—*Tender of Purchase Money—When Excused.*—Where land is to be paid for by the acre, and the vendor not only refuses to carry out the contract of sale, but declines to permit the purchaser to perform the contract on his part by having the land surveyed, which is necessary in order to ascertain the price to be paid, the purchaser may maintain a bill for a specific performance of the contract without tendering the purchase price. Under such circumstances he is excused from making such tender.

2. EQUITY PLEADING—*Issue out of Chancery—When to be Ordered.*— A court is not obliged to order an issue out of chancery merely because the evidence is conflicting. The determining factor is whether the chancellor needs the aid of a jury to enable him to decide the case satisfactorily to his own conscience.

3. SPECIFIC PERFORMANCE—*When Decreed—Nature of Contract.*— Where a contract in writing for the sale of land was freely entered into by parties thereto, without the slightest compulsion from any source, and its terms are clear and simple, certain and definite, fair and equal, and it is founded on a valuable consideration, a court of equity will decree its specific performance.

Appeal from a decree of the Circuit Court of Buchanan county. Decree for complainants. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Chase & Daugherty, Sutherland & Sutherland,* and *A. A. Skeen,* for the appellants.

*Geo. W. St. Clair,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by A. W. Barnes and Whitewood Land and Coal Company, Inc., to enforce the specific performance of a written contract dated December 23, 1909, between John Matney and Lydia Matney, his wife, of the first part, as grantors, and A. W. Barnes, of the second part, as grantee, whereby the parties of the first part agreed to convey to A. W. Barnes or his assigns 820 acres of land in Buchanan county, in consideration of $21.50 per acre, to be paid one month from the date of the contract, which further provided that before the purchase price became due and payable the land was to be surveyed under the direction of a competent civil engineer, at the expense of the party of the second part or his assigns, and further that the parties of the first part were to furnish a complete abstract showing title in themselves, and to tender a deed containing the covenants set forth in their contract. By an agreement in writing between the complainants, dated January 12, 1910, the contract sought to be enforced was assigned by A. W. Barnes, the grantee therein, to the Whitewood Land and Coal Company, Inc., and it is now owned and held by that company.

The defendants, Matney and wife, demurred to the bill as insufficient because it contained "no offer or tender on the part of the complainants to comply with their part of the agreement filed with the bill."

The demurer was properly overruled. The bill alleges that the defendants refused to permit the land to be surveyed, as provided for in the contract, declined to furnish the abstract of title which they had agreed to do, and refused to execute and deliver a deed for the land. The bill further alleges that the complainants had carried out and performed all the terms and conditions of the contract on their part, save such as they were prevented

from performing by the defendants, and were now ready, able and anxious to perform all of the terms and conditions to be performed by them as provided in the contract. The demurrer admits these allegations to be true, from which it appears that the defendants not only refused to carry out the contract on their part but declined to permit the complainants to perform the contract on their part by having the land surveyed, which was a necessity in order to ascertain the amount to be tendered, the land having been sold by the acre. Under such circumstances the complainants were excused from tendering the purchase price.

In the case of *White* v. *Dobson,* 17 Gratt. (58 Va.) 262, it is held that, "When a vendor of land has notified the purchaser that he will not fulfil the contract, the purchaser may file a bill for specific execution of it without making a tender to the vendor of the securities provided for therein."

The subsequent proceedings resulted in a decree settling the rights of the parties and enforcing specific performance of the contract. From that decree the defendants, John Matney and Lydia Matney, his wife, have taken this appeal, alleging in their petition numerous errors which will now be considered.

We are of opinion that the failure of the court to order an issue out of chancery was not error. The ground for this contention is that appellants denied that they executed the contract sought to be enforced, and that the evidence on that issue was conflicting and should have been passed upon by a jury.

It does not follow that an issue out of chancery must be awarded in all cases where the evidence is conflicting. The determining factor is whether the chancellor needs the aid of a jury to enable him to decide the case satisfactorily to his own conscience.

In *Keagy* v. *Trout,* 85 Va. 390, 7 S. E. 329, Lewis, P., speaking for this court, says: "Where the evidence is conflicting and the credibility of witnesses is involved, and the chancellor feels the necessity of a trial by jury to satisfy his conscience upon the question of fact before him for determination, it is proper to direct an issue. But he is not bound to direct an issue merely because the evidence is contradictory."

When the evidence in the present case is considered, it is clear that an issue out of chancery was not necessary and would have been a needless delay and expense.

We are further of opinion that the circuit court did not err in making this a vacation case. The ground of this objection seems to be that disposing of the case in vacation caused delay; that vigilance is not only required in instituting a suit for specific performance, but in diligently pursuing it thereafter. There is nothing in the record to indicate unnecessary delay in the prosecution of this suit. On the contrary, it satisfactorily appears that as a vacation case it was more speedily disposed of than it would have been if continued to the term next after the vacation order was made.

We are further of opinion that there was no variance, as contended, between the allegations of the bill and the proof. The contract was made, as alleged, with A. W. Barnes. The evidence shows that it was made with Barnes, and further shows that it was to be assigned by him to the appellee company which was then being organized. That the contract with Barnes was to be subsequently approved and accepted by the company which was to pay for the land, was well understood by the contracting parties at the time the agreement was made.

We are further of opinion that the evidence in this case wholly fails to sustain the suggestion that fraud was practiced upon the appellants by the appellees in

securing the contract in question. The averment in the answer that the appellants did not agree to the contract is disproved by an overwhelming weight of evidence to the contrary.

Finally, we are of opinion that the contention of the appellants, that specific performance of the contract should not have been granted, cannot be sustained. The record shows that John Matney and Lydia Matney, the grantors, could both read and write; that the contract for the sale of their land was freely entered into by each of them without the slightest compulsion from any source. The contract is in writing and filed with the record. Its terms are clear and simple, certain and definite, fair and equal, and it is founded upon a valuable consideration. There is nothing in the record to cast the slightest suspicion upon the *bona fides* of either party to the contract when it was reduced to writing and executed. It is apparent, however, from the record that soon after the appellants had sold their land they became dissatisfied, stating as the reason for their dissatisfaction that they did not wish to move away. Under the influence of this change of mind they have repudiated their solemn written agreement by refusing to comply with its terms and refusing to permit their vendees to perform their part of the contract. If the defense set up by the appellants to the enforcement of this contract could prevail, no contract with which a party had become dissatisfied could be enforced.

Other points are raised in the petition for appeal that are not supported by the pleadings or the evidence, and have no material bearing upon the real issue to be determined in this case. It is sufficient to say in conclusion, that upon full consideration of the whole record we find no error in the decree complained of to the prejudice of appellants, and it is affirmed.

*Affirmed.*